IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE PENN MUTUAL LIFE INSURANCE
COMPANY

    v.                       Civil Action No. DKC 09-0578

JONATHAN S. BERCK, TRUSTEE OF
THE MARVIN ROSENBLATT
IRREVOCABLE TRUST, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are Defendant Finfer's motion to disqualify Plaintiff's attorneys for conflict of interest (Paper 79), Defendant Finfer's motion to seal and "for other appropriate relief" (Paper 80), Defendant Finfer's motion to seal the record with respect to his reply (Paper 92), and Plaintiff's motion to seal (Paper 87).[1]

For the reasons that follow, Plaintiff's motion to seal will be denied, Defendant Finfer's motion to seal and for other relief will be denied in part and granted in part, and Defendant Finfer's motion to seal the record with respect to his reply will be denied. If the motion to disqualify is not withdrawn, an evidentiary hearing is necessary to resolve it.

---

[1] The pending motion to dismiss the counterclaim filed by Plaintiff is addressed in a separate opinion. (Paper 71).

## I. Background[2]

### A. Factual Background

This case involves a purported "stranger originated life insurance" scheme, commonly called a STOLI scheme. Plaintiff The Penn Mutual Life Insurance Company alleges that sometime before February 21, 2007 STOLI plan promoters approached Defendant Marvin Rosenblatt ("Rosenblatt"). (Paper 56 ¶ 18). According to Plaintiff, Rosenblatt agreed with the promoters to apply for a life insurance policy to be issued by Plaintiff; the promoters would later sell the policy (or an interest in the policy) to an investor in the secondary market. (*Id.*). Rosenblatt subsequently obtained a $6 million life insurance policy (the "Policy") from Plaintiff a few months later. (*Id.* at ¶ 35). Plaintiff alleges that Rosenblatt then transferred the Policy (or an interest in the Policy) to an investor whom Rosenblatt did not know prior to completing the application. (*Id.* at ¶ 46). Plaintiff maintains that three individuals made material misrepresentations and committed fraud in order to advance the scheme: Rosenblatt, Defendant Jonathan Berck, the

---

[2] The information cited in this opinion appears in filings that are not under seal, including the Second Amended Complaint (Paper 56) and Defendant Finfer's motion to seal (Paper 80).

current trustee of the Rosenblatt Trust, and Defendant Robert Finfer, the soliciting agent on the Policy.[3]

Defendant Finfer has moved to disqualify Plaintiff's counsel based on events first arising in early March 2007. At that time, Defendant Finfer retained an attorney with Drinker, Biddle & Reath LLP ("Drinker Biddle") to "negotiate a buyout of certain interests held by others in Mr. Finfer's company." (Paper 80, at 3). During negotiations, "other interest holders" made accusations against Defendant Finfer, which allegedly led Defendant Finfer to have certain confidential discussions with his attorney at Drinker Biddle. (*Id.*). Defendant Finfer argues that these discussions substantially relate to the present case. (*Id.* at 4).

**B. Procedural Background**

Plaintiff filed its original complaint on March 9, 2009, and the case was assigned to United States District Judge Peter Messitte. (Paper 1). On May 13, 2009, Plaintiff filed a two count amended complaint, seeking declaratory judgments. (Paper 14). This court allowed Plaintiff to file a second amended complaint, which it did, on March 23, 2010. (Paper 56). The new complaint added two new defendants (including Defendant

---

[3] A detailed background of this case can be found in a previous memorandum opinion, at Paper 54.

Finfer), additional facts, and stated an additional cause of action for fraud. In its amended complaint, Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 as to its rights and obligations under the Policy and damages. (Paper 56).

On June 23, 2010, Defendant Finfer filed the present motion to disqualify counsel pursuant to Rules 1.9 and 1.10 of the Maryland Rules of Professional Conduct ("MRPC"). (Paper 79). At the same time, Defendant Finfer filed a motion to seal his motion to disqualify, along with all exhibits. (Paper 80). Plaintiff responded in opposition on July 26, 2010. (Paper 86). Plaintiff also moved to seal its opposition to Finfer's motion to disqualify "in an abundance of caution." (Paper 87). Defendant Finfer filed a reply on August 16, 2010 (Paper 91), which he has also moved to seal (Paper 92).

**II. Motions to Seal and for Other Relief**

As noted above, Defendant Finfer has filed motions to seal all filings related to his motion to disqualify. (Papers 86 & 92). The motions also ask this court to stay proceedings pending resolution of the motion and request a declaration that pleadings and argument will not waive the attorney-client privilege. (*Id.*).

A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

Local Rule 105.11. There is also a well established common law right to inspect and copy judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Furthermore, prior to sealing any documents, the court must provide notice of counsel's request to seal and an opportunity to object to the request before making its decision. *Id.* Either notifying the persons present in the courtroom or docketing the motion "reasonably in advance of deciding the issue" will satisfy the notice requirement. *Id.* at 234. Finally, the court should consider less drastic alternatives, such as filing redacted versions of the documents. If the court

decides that sealing is appropriate, the court should provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives. *Id*. at 235.

Defendant Finfer has offered no factual representations or arguments as to why the documents should be sealed, other than to note that some of the documents contain communications with Drinker Biddle that may be privileged. Such barebones allegations will not suffice. The court also questions the applicability of the attorney-client privilege to these documents, given that Defendant Finfer voluntarily disclosed them to all parties and the court. "[W]hen a party reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (citing *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982)). Plaintiff, perhaps recognizing this, filed its motion to seal only out of "an abundance of caution, pending the Court's resolution" of Defendant Finfer's motion. (Paper 87). Moreover, Defendant Finfer has offered no explanation as to why any measure other than wholesale sealing would prove insufficient.

Therefore, all motions to seal will be denied, as will Defendant Finfer's requests for a declaration on the attorney-

client privilege.  The parties may refile a motion that is in conformity with Local Rule 105.11 within seven days. Alternatively, the material may be withdrawn.  Barring either of those two events, the material will be unsealed.

As is discussed below, however, there remain open issues concerning Defendant Finfer's motion to disqualify.  In light of those issues, and for the reasons stated in Defendant Finfer's motion to seal and other relief, the court will stay any further proceedings in this action pending resolution of the disqualification issue.  *See In re Mid-Atlantic Toyota Anti-Trust Litig.*, 92 F.R.D. 358, 359 (D.Md. 1981) (explaining that the power to stay is an offshoot of the court's "inherent power to control its docket").

**III. Motion to Disqualify Counsel**

    **A.    Standard of Review**

As this court previously explained in *Stratagene v. Invitrogen Corp.*, 225 F.Supp.2d 608, 610 (D.Md. 2002):

> A motion to disqualify is a 'serious matter,' *Plant Genetic Systems* [*N.V. v. Ciba Seeds*], 933 F. Supp. [514,] at 517 [(M.D.N.C. 1996)], which must be decided on a case-by-case basis. *See Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D.Md. 1995).  This is so because two significant interests are implicated by a disqualification motion: 'the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community.' *Tessier [v. Plastic Surgery Specialists, Inc.*], 731 F. Supp.

7

> [724] at 729 [(E.D.Va. 1990)]; *Buckley*, 908 F. Supp. at 304. Nevertheless, 'the guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings.' *Plant Genetic Systems*, 933 F. Supp. at 517; *see Hull v. Celanese Corporation*, 513 F.2d 568, 572 (2d Cir. 1975)(finding that a party's free choice of counsel must yield to 'considerations of ethics which run to the very integrity of our judicial process.'). Thus, this court must not weigh the competing issues 'with hair-splitting nicety but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing an appearance of impropriety, [this Court] is to resolve all doubts in favor of disqualification.' *United States v. Clarkson*, 567 F.2d 270, 273 n. 3 (4th Cir. 1977)(internal quotation marks and citations omitted); *Rogers v. Pittston Co.*, 800 F. Supp. 350, 353 (W.D.Va. 1992); *Buckley*, 908 F. Supp. at 304.

(quoting *Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 750 (D.Md. 1997)). Because disqualification necessarily results in the drastic result of a party losing its freely-chosen counsel, the movant "bear[s] 'a high standard of proof to show that disqualification is warranted.'" *Franklin v. Clark*, 454 F.Supp.2d 356, 364 (D.Md. 2006) (quoting *Buckley*, 908 F.Supp. at 304).

**B. Analysis**

Under Local Rule 704, this court applies the Maryland Lawyer's Rules of Professional Conduct ("MRPC") as they have

been adopted by the Maryland Court of Appeals. Rule 1.9(a) of the MRPC provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.[4]

Thus, a party moving to disqualify counsel must first establish that an attorney-client relationship existed between the former client and challenged counsel. *Stratagene*, 225 F.Supp.2d at 610. Second, the movant must show that the matter at issue in the former representation was the same or substantially related to an issue in the current action. *Id.*

The court has reviewed the materials submitted by both parties on the motion to disqualify. In light of the court's denial of the motions to seal, the parties are permitted to withdraw their previously sealed motions; this opinion therefore refrains from fully discussing the materials or referencing anything in them. The court can state, however, that the question of whether the past and present actions are

---

[4] Rule 1.9 applies to Drinker Biddle via MRPC Rule 1.10, which governs imputation of conflicts of interest. That rule states that lawyers in a firm may not represent a client "when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9," with certain exceptions not relevant here.

substantially related cannot be resolved on the parties' submissions alone. The factual allegations made by the opposing parties about the nature of the prior attorney-client relationship are simply too distant to reconcile without further development, particularly in a fact-intensive context such as this one. Consequently, if the motion is not withdrawn, an evidentiary ruling will be required.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to seal will be denied, Defendant Finfer's motion to seal and for other relief will be denied in part and granted in part, and Defendant Finfer's motion to seal the record with respect to his reply will be denied. Assuming the motion to disqualify is not withdrawn, an evidentiary hearing will be scheduled. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
