IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE PENN MUTUAL LIFE INSURANCE :
COMPANY :
 :
          v.                    :   Civil Action No. DKC 09-0578
 :
JONATHAN S. BERCK, TRUSTEE OF   :
THE MARVIN ROSENBLATT           :
IRREVOCABLE TRUST, et al.       :
 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is Plaintiff's motion to strike or dismiss Defendant Berck's counterclaim. (Paper 71).[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I. Background**

**A. Factual Background**

This case involves a purported "stranger originated life insurance" scheme, commonly called a STOLI scheme. Plaintiff The Penn Mutual Life Insurance Company alleges that sometime before February 21, 2007 STOLI plan promoters approached

---

[1] The pending motions to seal filed by Plaintiff and Defendant Finfer (Paper 80 & 87), as well as the motion to disqualify filed by Defendant Finfer (Paper 79), are addressed in separate opinion.

Defendant Marvin Rosenblatt ("Rosenblatt"). (Paper 56 ¶ 18). According to Plaintiff, Rosenblatt agreed with the promoters to apply for a life insurance policy to be issued by Plaintiff; the promoters would later sell the policy (or an interest in the policy) to an investor in the secondary market. (*Id*.). Rosenblatt subsequently obtained a $6 million life insurance policy (the "Policy") from Plaintiff a few months later. (*Id.* at ¶ 35). Plaintiff alleges that Rosenblatt then transferred the Policy (or an interest in the Policy) to an investor whom Rosenblatt did not know prior to completing the application. (*Id*. at ¶ 46). Plaintiff maintains that three individuals made material misrepresentations and committed fraud in order to advance the scheme: Rosenblatt, Defendant Jonathan Berck, the current trustee of the Rosenblatt Trust, and Defendant Robert Finfer, the soliciting agent on the Policy.[2]

Defendant Berck contends that Plaintiff knew it possessed a potential claim against him at some time before Plaintiff's complaint was brought in this action, but that Plaintiff delayed in bringing the action until it received an annual premium payment from Defendant Berck. (Paper 62, at 17). In particular, Defendant Berck alleges that Plaintiff brought this

---

[2] A detailed background of this case can be found in a previous memorandum opinion, at Paper 54.

action on "the next business day" after accepting Defendant Berck's premium payment, which Defendant Berck also alleges is the final day of the Policy's "contestability period." (*Id.* at 14). In Berck's view, by accepting payment in these circumstances, "Plaintiff waived its right to challenge [the Policy], Plaintiff is estopped to challenge [the Policy], and/or Plaintiff has ratified [the Policy]." (*Id.* at 17).

**B. Procedural Background**

Plaintiff filed its original complaint on March 9, 2009, and the case was assigned to United States District Judge Peter Messitte. (Paper 1). On May 13, 2009, Plaintiff filed a two count amended complaint, seeking declaratory judgments. (Paper 14). This court allowed Plaintiff to file a second amended complaint, which it did, on March 23, 2010. (Paper 56). The new complaint added two new defendants, additional facts, and stated an additional cause of action for fraud. In its amended complaint, Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 as to its rights and obligations under the Policy and damages. (Paper 56).

Defendant Berck filed an answer to the second amended complaint, as well as a counterclaim and cross-claims. (Paper 62). Defendant Berck's answer advances eleven affirmative defenses, including waiver, estoppel, and ratification. (*Id.* at 11-12). The accompanying counterclaim seeks declarations that

3

Plaintiff (1) "has waived its challenge to the Policy, (2) is estopped from challenging the Policy, (3) has ratified the policy, and (4) is, under Maryland law, "otherwise barred from challenging" the Policy. (*Id.* at 18). Plaintiff subsequently filed a motion to strike or dismiss Defendant Berck's counterclaim. (Paper 71). The motion is now fully briefed.

**II. Motion to Strike or Dismiss**

Plaintiff has moved under Rules 12(b), 12(f), and 8(c)(2) of the Federal Rules of Civil Procedure and styles its motion as a "motion to strike or dismiss." (Paper 71). The court will treat Plaintiff's motion as a motion to dismiss. A motion to strike "is neither an authorized nor proper way to procure the dismissal of all or a part of . . . a counterclaim." 5C Wright & Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004).

Whatever the nomenclature, the central issue remains the same: whether the court can properly entertain Defendant Berck's counterclaim. The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought." 28 U.S.C. § 2201(a) (emphasis added). The Fourth Circuit has further explained that a federal court may properly exercise jurisdiction where three criteria are met: "(1) the complaint

4

alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for the jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Equip. N. Am. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2201; *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994)).

There is no dispute that the first and second requirements for the exercise of jurisdiction are met here. Thus, the central issue is whether the court should use its discretion to hear the counterclaim. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). Accordingly, the court may, in the exercise of its "broad discretion," *S.C. Dept. of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 260 (4th Cir. 2004), decline to exercise its jurisdiction and dismiss the action. *Volvo Constr. Equip.*, 386 F.3d at 594. A court must be cautious, however, as it should only decline to exercise

jurisdiction where there is a "good reason" to do so. *Id.* In particular, a court should normally entertain a declaratory action where the "relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Fuscardo*, 35 F.3d at 965 (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994)). "[C]onsiderations of federalism, efficiency, and comity" are also significant. *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422-23 (4th Cir. 1998).

Defendant Berck offers little explanation as to how the counterclaim clarifies the parties' obligations, other than to state that the defenses and counterclaim stem from discrete facts and law and that declaratory judgment counterclaims like this one are "commonplace." (Paper 81, at 7-9). Despite Defendant Berck's assurances, his counterclaim will not assist in "clarifying and settling the legal relations in issue" or "terminate and afford relief" from the uncertainties leading to this dispute. *Fuscardo*, 35 F.3d at 965 (quotations omitted). Nor does the counterclaim promote judicial efficiency, as it forces the parties and the court to handle the same issues twice. For example, Defendant Berck's second affirmative defense contends that "Plaintiff's claims are barred in whole or

6

in part by the doctrine of waiver." (Paper 62, at 11). He also seeks a declaration that "Plaintiff has waived its challenge" to the Policy. (Paper 62, at 18). The two averments are one and the same. The other requested declarations similarly parallel affirmative defenses. (*See* Paper 82, at 4). This type of double pleading is not the purpose of a declaratory judgment. *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937) (stating declaratory judgment is meant "to afford a speedy and inexpensive method of adjudicating legal disputes . . . and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships.").

Federal Rule of Civil Procedure Rule 8(c) also supports the conclusion that the counterclaim should be dismissed. That rule provides:

> If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

Rule 8(c)(2). The counterclaims constitute affirmative defenses. Indeed, two of the defenses are listed by name in Rule 8(c). Therefore, the court might normally redesignate the counterclaims as affirmative defenses, but Defendant Berck has

7

already included identical defenses, rending redesignation superfluous.

Other courts agree that claims such as Defendant Berck's counterclaim should be dismissed. In *Penn Mutual Life Ins. Co. v. Greatbanc Trust Company*, No. 09 C 6129, 2010 WL 2928054 (N.D.Ill. July 21, 2010), for instance, the court dismissed two of the defendant's counterclaims for declaratory judgment that "mirror[ed] its affirmative defenses." *Id.* at *5. The court explained that "counterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request for declaratory relief." *Id.* at *5. *See also, e.g.*, *Boone v. MountainMade Found.*, 684 F.Supp.2d 1, 12 (D.D.C. 2010) (listing cases supporting dismissal of duplicative counterclaims); *Zytax, Inc v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *8 (S.D.Tex. May 28, 2010) (dismissing declaratory counterclaim duplicative of affirmative defense); *United States v. Zanfei*, 353 F.Supp.2d 962, 965 (N.D.Ill. 2005) (same, and noting that it is "well settled" that courts may dismiss such claims). Although there may be situations where facially duplicative counterclaims should proceed, Defendant Berck has offered nothing to suggest that that is the case here.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to strike or dismiss will be granted. A separate Order will follow.

<pre>
                          /s/
          DEBORAH K. CHASANOW
          United States District Judge
</pre>