IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE PENN MUTUAL LIFE INSURANCE
COMPANY

:    v.     :     Civil Action No. DKC 09-0578

JONATHAN S. BERCK, TRUSTEE OF
THE MARVIN ROSENBLATT
IRREVOCABLE TRUST, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution is an amended motion to seal (Paper 94) filed by Defendant Robert Finfer. The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Finfer's amended motion to seal will be granted in part and denied in part.

**I. Background**

Finfer's amended motion to seal stems from his earlier motion to disqualify counsel for Plaintiff Penn Mutual Life Insurance Company. In that motion, filed on June 23, 2010, Finfer moved to disqualify Plaintiff's counsel pursuant to Rules 1.9 and 1.10 of the Maryland Rules of Professional Conduct ("MRPC"). (Paper 79). In particular, Finfer alleges that he

previously retained Plaintiff's current counsel to work on a matter that substantially relates to present dispute.[1]

Finfer filed his motion to disqualify, his reply to Plaintiff's opposition to that motion, and all accompanying exhibits under seal. (Papers 80, 92).[2] He then asked the court to keep all filings related to his motion under seal, and sought a declaration that the pleadings and argument on his motion would not waive attorney-client privilege. (*Id.*). In a memorandum opinion dated August 20, 2010, the court denied Finfer's motion to seal and declined to issue any declaration about the scope of the attorney-client privilege. (Paper 93). The court based its decision on Finfer's failure to comply with the local rule governing the required contents of motions to seal. (*Id.* at 6 (citing Local Rule 105.11)). The court then offered Finfer three options: file a new motion to seal in compliance with the local rules, allow the motion to disqualify to be unsealed, or withdraw it. Finfer chose the second option, filing the amended motion to seal now before the court on August

---

[1] The court's prior memorandum opinion discusses the facts underlying Finfer's motion to disqualify in detail. (Paper 93).

[2] Plaintiff sealed its opposition to the motion to disqualify "out of an abundance of caution." (Paper 87).

27, 2010.  (Paper 97).  Plaintiff filed an opposition on September 13, 2010.  (Paper 98).

**II.  Analysis**

Finfer asks to seal all filings related to his motion to disqualify and renews his request for a declaration that use of purportedly privileged material in his motion to disqualify does not waive the privilege.  (Paper 97).  As the court explained in its prior opinion, a motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections.  The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties.  Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court.  If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

There is also a well-established common law right to inspect and copy judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  If competing interests outweigh the public's right of access, however, the court, in its

discretion, may seal those documents from the public's view. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Furthermore, prior to sealing any documents, the court must provide notice of counsel's request to seal and an opportunity to object to the request before making its decision. *Id.* Either notifying the persons present in the courtroom or docketing the motion "reasonably in advance of deciding the issue" will satisfy the notice requirement. *Id.* at 234. Finally, the court should consider less drastic alternatives, such as filing redacted versions of the documents. If the court decides that sealing is appropriate, the court should provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives. *Id.* at 235.

Finfer's second motion to seal stands on stronger footing than his first. Finfer argues – rather convincingly – that the prior representation and current representation do not seem obviously related. (Paper 97, at 5-6). Thus, he must disclose certain particulars about his business practices and his discussions with his lawyer during a buyout negotiation. (*Id.* at 6). Finfer contends that the attorney-client privilege applies to this information. He concedes that it is his burden to show that the attorney gained confidential information in the

4

course of the prior representation.  As such, he must reveal the actual confidences he shared with his attorney.

Courts have sometimes used motions to seal as a protective device when dealing with information that may be privileged. *See, e.g.*, *Doe v. Logan Cnty. Sheriff's Dep't of Logan Cnty., W.Va.*, No. 2:09-0990, 2010 WL 396229, at *1 (S.D.W.Va. Jan. 19, 2010).  Even where the court has not actually determined that information is privileged, sealing information that may be privileged might preserve a party's claim to the privilege later.  Without a sealing order, however, the public disclosure of ostensibly privileged information completely extinguishes any claim to the privilege "without a hearing on the merits." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980); *see also, e.g.*, *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 12 (1st Cir. 1998) ("[A party's] unrebutted prima facie showing that the attorney-client privilege applies entitles it to protection.").

Penn Mutual protests that Finfer has not provided "details concerning the content of [Finfer's] supposed discussions" with his prior counsel.  (Paper 98, at 6).  Penn Mutual asks for too much.  By disclosing details of his discussions with his prior counsel, Finfer would effect the very waiver that he seeks to avoid by requesting that his motion be sealed.  *See Hawkins v.*

5

*Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998) ("[D]isclosure [of a confidential communication] not only waives the privilege as to the specific information revealed, but also waives the privilege as to the subject matter of the disclosure."). He has provided enough detail to establish an arguable claim of privilege. That is enough to show cause for sealing. The court is also confident that sealing of these few filings is a narrow approach that still respects the public's interest in access.

Finfer also asks the court (for a second time) to go a step further and declare that any attorney-client privilege attached to documents submitted under seal would not be waived by the act of filing them. (Paper 97, at 9-10). This the court cannot do, as such a request would amount to an advisory opinion. Moreover, as the court observed in its last opinion, it is not a certainty that privilege can attach to sealed documents voluntarily filed under seal in an "offensive" proceeding by a litigant. (Paper 93, at 6 (citing *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). Admittedly, this issue is one that has generated some disagreement among the courts. *Compare Ross v. Amercrombie & Fitch Co.*, No. 2:05-cv-0819, 2008 WL 1844357, at *5 (S.D.Ohio Apr. 22, 2008) (filing exhibit to motion to dismiss under seal did not waive privilege); *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 161 n.7

6

(S.D.N.Y. 2003) (same), *with United States ex rel. Schweizer v. Oce, N.V.*, 577 F.Supp.2d 169, 176 (D.D.C. 2008) (party waived privilege as to exhibits to complaint filed under seal). Yet that disagreement is even more reason to decline any order concerning waiver at this time, when the question of waiver and privilege has not been fully briefed and the matter is unripe for decision. Therefore, the court will not issue an order concerning waiver.

**III. Conclusion**

For the foregoing reasons, Finfer's amended motion to seal will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
